```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

DARRIN STAFFORD,                :
                                :
        Petitioner,              :    NO. 1:09-CV-00417
                                :
    v.                           :
                                :    **OPINION AND ORDER**
WARDEN, Marion Correctional      :
Institution,                     :
                                :
        Respondent.              :

This matter is before the Court on the Magistrate Judge's July 26, 2010 Report and Recommendation (doc. 20). Petitioner filed no objection. For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in all respects, and DENIES Petitioner's Petition for Writ of Habeas Corpus.

The Magistrate Judge provided a thorough factual background, which the Court will summarize. The Hamilton County Grand Jury indicted Petitioner on one count of aggravated vehicular homicide and three counts of vehicular assault resulting from an incident which took place in November, 2001, in which Petitioner ran a red light and hit four pedestrians, killing one and injuring three others (Id__.). Petitioner was convicted at trial and sentenced to twenty years, but after appeal and remand for sentencing the cumulative total was reduced to nineteen years (Id.).

Petitioner originally asserted Four Grounds for Relief

(Id.). The first was withdrawn and therefore the Magistrate Judge's decision focuses on Grounds Two, Three, and Four (Id.). Petitioner asserts in Ground Two that he was not Mirandized before questioning which occurred at the scene of the accident, but taped statements from that period were impermissibly made available to the jury at trial (Id.). In Ground Three, Petitioner asserts that his sentence is disproportionately severe in violation of the Cruel and Unusual Punishment Clause of the Eight Amendment (Id.). In Ground Four, Petitioner asserts that the decision in State v. Foster, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), violates the separation of powers doctrine (Id). He asserts that the severance remedy adopted in this decision unconstitutionally legislated a new sentencing guideline for first time offenders (Id.).

The Magistrate Judge found that Petitioner's Second Ground for Relief was without merit (Id). His analysis began with the Hamilton County Court of Appeals decision, since the Ohio Supreme Court had declined to hear Petitioner's appeal (Id). The appeals court found that Petitioner, while being questioned after the accident, was not subject to a custodial interrogation such that is required to trigger Miranda warnings (Id). Petitioner had not been formally arrested or restrained, and was not inside a police vehicle when the first tape recording was made (Id). Thus, the reading of Miranda rights was not required to allow the first recording to be submitted as evidence (Id). The second recording,

made while Petitioner was inside a police vehicle, is subject to contradictory testimony as to whether Petitioner had been read his rights (Id.). In any event, Petitioner had already made same basic statements in the first recording (Id.).

In his Third Ground for Relief, Petitioner claims his sentencing was disproportionate to sentences in similar cases and therefore unconstitutional (Id .). The Magistrate Judge cited Pulley v. Harris, 465 U.S. 37 (1984), for the proposition that the United States Supreme Court has no clear precedent which requires proportionality betweeen sentences imposed on different offenders for the same offense (Id.). The United States Supreme Court only forbids extreme sentences that are "grossly disproportionate" to the crime, Graham v. Florida, 130 S.Ct. 2011 (2010), and has upheld life sentences for non-violent offenses, (Id., citing Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, (1991)). Therefore, the Magistrate Judge found the decision of the Hamilton County Court of Appeals not contrary to any clearly established Supreme Court precedent and found Petitioner's Third Ground for Relief without merit (Id.).

In his Fourth Ground for Relief, Petitioner relies on the assertion that State v. Foster violated the Separation of Powers Doctrine embedded in the Ohio Constitution (Id). However, federal habeas courts only consider and remedy violations of the United States Constitution (Id.). Even assuming Petitioner's assertion is

correct, the Magistrate Judge found this Court cannot decide a question that is properly before Ohio courts alone, and therefore found that Petitioner's Fourth Ground for Relief is without merit (Id.).

Having reviewed this matter, the Court finds the Magistrate Judge's unopposed Report and Recommendation well reasoned and correct. Accordingly, the Court hereby ADOPTS IN ENTIRETY the Magistrate Judge's Report and Recommendation (doc. 20). The Court further DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 3), and FINDS that a certificate of appealability should not issue because, under the two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling and whether Petitioner has stated a viable constitutional claim for relief. Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3), that with respect to any application to proceed on appeal in forma pauperis, an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: September 16, 2010  /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge